**Frank JACKSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 810.**

United States District Court
D. New Jersey.

Oct. 2, 1968.

---

---

## OPINION and ORDER

WORTENDYKE, District Judge:

Relator filed a petition for an order vacating sentence with the Clerk of this Court on August 12, 1968. Relator had pleaded guilty on December 7, 1962 to robbery of a postal money order. The sentence was suspended by the undersigned Judge on January 18, 1963 and relator was placed on three years probation. Relator is presently serving a ten to fifteen year sentence for a subsequent conviction of rape.

The gravamen of relator's petition is that his conviction for robbery was in violation of his constitutional right to be represented by counsel at all phases of the criminal proceedings and that as a result of such constitutional deprivation, relator made an involuntary confession and guilty plea.

This Court having carefully examined the record of the proceedings upon which the relator bases his application finds that the relator is not entitled to relief.

The record discloses that on December 7, 1962, relator was arraigned before Chief Judge Anthony T. Augelli of this Court who fully and clearly explained to relator his constitutional right to court appointed counsel if the relator was financially unable to retain one. After being so informed, the relator knowingly and intelligently waived his right to counsel in writing, and thereupon pleaded guilty to the indictment.

The record further discloses that on January 18, 1963 relator was before the undersigned Judge for sentencing, and again was fully informed of his constitutional right to counsel and to have court appointed counsel if relator was financially unable to afford one. Relator once again knowingly and understandingly waived his right to counsel in writing.

There having been no deprivation of relator's right to be represented by counsel at all stages of the criminal proceeding, and no other evidence to support relator's unsubstantiated contention that his confession and guilty plea were involuntary;

It is, on this 2nd day of October, 1968, ORDERED that the Petition of Frank Jackson to this Court for an order vacating sentence imposed upon him January 18, 1963 be and hereby is dismissed upon the files and records in the case which show that petitioner is entitled to no relief.